UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HENRY H.B. GARNIER, JR.,<br><br>    Plaintiff,<br><br>  vs.<br><br>HAROLD W. CLARKE, ELLEN E. NOLAN, CHRISTINE GREGOIRE, SUSAN R. KOMBEREC and ELDON VAIL,<br><br>    Defendants. | NO.  CV-07-245-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's Objection (Ct. Rec. 27) to the Report and Recommendation to dismiss his Second Amended Complaint. Plaintiff, a former prisoner, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served. After review of Plaintiff's submission and the record as a whole, **IT IS ORDERED** the Report and Recommendation (Ct. Rec. 26) is **ADOPTED in its entirety.**

Plaintiff bases his objections on his "exhibits," which appear to be printouts from the internet referencing U.S. Supreme Court and Ninth Circuit Court of Appeals decisions. Plaintiff cites no actual case law to support his contention the Magistrate Judge's recommendation was in error.

First, Plaintiff's allegation he may sue his public defender,

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 1

Defendant Ellen E. Nolan, is misplaced; his citation to a headline presumably obtained on the internet (*See* Plaintiff's Exhibit-II, Ct. Rec. 27), notwithstanding.  In the Second Amended Complaint, Mr. Garnier claimed Defendant Nolan did not permit him to pay a $210.00 fine in 1993, advising Plaintiff she would send him a "bill" later.  Over time, it appears the amount owing increased to $2,691.85 (and possibly $7,205.67)[1].

Accepting these claims as true, Plaintiff has presented no facts from which the Court could infer Defendant Nolan acted under color of state law.  As a matter of law, a public defender, performing a lawyer's traditional functions, is not a state actor under 28 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).  Therefore, Plaintiff has no basis for a cause of action against Defendant Nolan in this Court.

In addition, Plaintiff alleged no facts in his Second Amended Complaint against Defendants Harold W. Clarke, Christine Gregoire, Susan R. Komberec, or Eldon Vail.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  He did not demonstrate how any of these named Defendants caused or personally participated in causing a

---

[1] Based on "page 8" of the exhibits attached to Plaintiff's Second Amended Complaint (Ct. Rec. 18-2), it appears Plaintiff may petition the sentencing court to reduce or waive interest on his legal financial obligations pursuant to RCW 10.82.090 if he meets certain requirements.  It does not appear from the complaint Plaintiff has fully pursued this option.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 2

deprivation of his protected rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Consequently, Plaintiff failed to state a claim against the named Defendants upon which relief can be granted.

Plaintiff objects to the Magistrate Judge's reference to *Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000), and contends his equal protection claim was ignored. He claims House Bill 2010 is a "bill of attainder" which violates "ex fact law," and constitutes "multiple punishments of 5th Amendment." He contends he was required to pay for his cost of incarceration while unemployed inmates were not. He also appears to complain he was not compensated for work he performed within the Department of Corrections between January and February 2008.

To the extent Plaintiff is arguing he, as an employed inmate, was treated differently than allegedly "lazy" inmates (i.e. unemployed inmates), in that he was required to contribute 35 percent of his wages to defray the costs of his incarceration, while the unemployed inmates were not, he has failed to state an Equal Protection claim.

The Equal Protection Clause provides that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." The Clause requires that all persons similarly situated be treated alike. *Jackson Water Works v. Public Utils. Comm'n*, 793 F.2d 1090, 1092 (9th Cir. 1986). Prisoners are protected under the Equal Protection Clause against invidious discrimination based on race. *Wolff v. McDonnell,* 418 U.S. at 556. The Clause also forbids unequal enforcement of valid laws where such unequal enforcement is the product of improper motive. *Yick Wo v. Hopkins,* 118 U.S. 356 (1886).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 3

Inmates, however, do not constitute a suspect protected class. *McQueary v. Blodgett,* 924 F.2d 829, 834 (9th Cir. 1991). In the absence of a fundamental right or a suspect class, an inmate must establish that he was treated differently than other prisoners in his circumstances (i.e. similarly situated inmates). Clearly, those inmates who are employed are not similarly situated to those inmates who are not employed. Plaintiff has failed to present a basis for an Equal Protection claim.

Plaintiff argues "House Bill 2010," which authorizes the deduction of 35 percent of an inmate's wages, gifts and gratuities, *see* RCW 72.09.111(1), violates the Takings Clause of the Fifth Amendment, the prohibition against Bills of Attainder, and *ex post facto* laws. Each of these claims was addressed and dismissed in a class action lawsuit in the Western District of Washington. *See Wright v. Riveland*, C95-5381FDB, Report and Recommendation (Ct. Rec. 64), adopted April 9, 1997 (Ct. Rec. 74). Consequently, Plaintiff is precluded from presenting these arguments here.

Again, to the extent Plaintiff believes wages were unlawfully withheld from him, Washington State provides Plaintiff an adequate post-deprivation state remedy, *see* RCW § 4.92 *et seq.*. Consequently, any property deprivation claim lacks an arguable basis in law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (unauthorized negligent or intentional deprivation of property does not violate due process if meaningful post-deprivation remedy is available).

Therefore, for the reasons set forth above, **IT IS ORDERED** the Report and Recommendation is **ADOPTED in its entirety** and this action

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 4

1  is **DISMISSED with prejudice** for failure to state a claim upon which
2  relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).
3       Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a
4  prisoner who brings three or more civil actions or appeals which are
5  dismissed as frivolous or for failure to state a claim will be
6  precluded from bringing any other civil action or appeal *in forma*
7  *pauperis* "unless the prisoner is under imminent danger of serious
8  physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read**
9  **the new statutory provisions under 28 U.S.C. § 1915.  This dismissal**
10 **of Plaintiff's complaint may count as one of the three dismissals**
11 **allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to**
12 **file future claims**.
13      **IT IS SO ORDERED**.  The District Court Executive is directed to
14 enter this Order, forward a copy to Plaintiff at his last known
15 address, enter judgment, and close the file.  The District Court
16 Executive is further directed to forward a copy of this Order to the
17 Office of the Attorney General of Washington, Criminal Justice
18 Division.
19      **DATED** this 29th day of May 2008.

                           *S/ Robert H. Whaley*

                              ROBERT H. WHALEY
                     CHIEF UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2007\Garnier.adoptRR.wpd

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION -- 5